# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BECKLEY DIVISION

| | | |
|---|---|---|
| **JEFFREY PHELIX,** | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | Civil Action No. 5:20-00341 |
| | ) | |
| **WARDEN, FCI Beckley,** | ) | |
| | ) | |
| Respondent. | ) | |

## PROPOSED FINDINGS AND RECOMMENDATION

Pending is Petitioner's Petition Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* by a Person in Federal Custody and Memorandum in Support. (Document Nos. 1 and 2.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 4.) Having examined Petitioner's Section 2241 Petition, the undersigned finds and respectfully recommends that Petitioner's Petition should (1) construed as a Section 2255 Motion and a new action be opened in this District, and (2) dismissed to the extent Petitioner is seeking relief under Section 2241.

## FACT AND PROCEDURE

**A.      Criminal Action No. 2:17-cr-00004:**

On April 10, 2017, Petitioner pled guilty in this District to one count of Being a Felon in Possession of a Firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Criminal Action No. 2:17-00004, Document Nos. 15 - 17.) As part of his Plea Agreement, Petitioner stipulated and agreed to the following facts:

\* \* \*

On October 25, 2016, defendant and another individual (hereinafter "EW")

> broke into a garage attached to a residence in Charleston, Kanawha County, West Virginia. The owner of the residence was a federally licensed firearms dealer. Defendant and EW stole seven rifles from the garage which are described as follows: . . ..
>
> Defendant's fingerprint was recovered from the window of the garage. On November 10, 2016, defendant gave a Mirandized statement admitting his involvement in stealing the firearms described above. Based upon information provided by defendant during the statement, officers were able to recover three of the rifles defendant and EW stole, including the rifle fitted with the suppressor described above.
>
> Each of the rifles and the suppressor described above travelled in or affected interest commerce because they were manufactured outside the State of West Virginia.
>
> On November 11, 2011, in the Circuit Court of Kanawha County, West Virginia, defendant was convicted of the felony offense of Burglary by Breaking and Entering. On November 12, 2012, in the Circuit Court of Kanawha County, West Virginia, defendant was convicted of the felony offense of Conspiracy. Defendant's rights to possess a firearm have not been restored since these felony convictions.
>
> * * *

(Id., Document No. 16, pp. 7 – 8.)[1] On June 28, 2017, the District Court sentenced Petitioner to a

---

[1] In *Greer, et al. v. United States*, ___ U.S. ___, 141 S.Ct. 2090, 210 L.Ed.2d 121 (2021), the Supreme Court determined that a petitioner who stipulated to his felon status could not establish that the *Rehaif* error affected his "substantial rights" pursuant to Rule 52(b). *Id.* at 2096-97. The Supreme Court explained as follows:

> In a felon-in-possession case where the defendant was in fact a felon when he possessed firearms, the defendant faces an uphill climb in trying to satisfy the substantial-rights prong of the plain-error test based on an argument that he did not know he was a felon. The reason is simple: If a person is a felon, he ordinarily knows he is a felon. "Felony status is simply not the kind of thing that one forgets." 963 F.3d 420, 423 (CA4 2020)(Wilkinson, J., concurring in denial of reh'g en banc). That simple truth is not lost upon juries. Thus, absent a reason to conclude otherwise, a jury will usually find that a defendant *knew* he was a felon based on the fact that he was a felon. A defendant considering whether to plead guilty would recognize as much and would likely factor that reality into the decisions to plead guilty. In short, if a defendant was in fact a felon, it will be difficult for him to carry the burden on plain-error review of showing a "reasonable probability" that, but for the *Rehaif* error, the outcome of the district court proceedings would have been different.

*Id.* at 2097. The Supreme Court concluded that petitioner failed to carry his burden of showing that the *Rehaif* error affected his substantial rights because petitioner had been convicted of multiple felonies, he never disputed the fact of his prior convictions, and he admitted that he was

60 month term of imprisonment, to be followed by a three-year term of supervised release. (Id., Document Nos. 31 and 32.) The District Court further imposed a $100 special assessment. (Id.)

On January 22, 2019, Petitioner, acting *pro se*, filed a Motion to Correct Sentence for the Credit of the Time Served on Federal Detainer. (Id., Document No. 33.) By Order entered on March 14, 2019, the District Court denied Petitioner's foregoing Motion. (Id., Document No. 43.) On June 14, 2021, Petitioner, acting *pro se*, filed an "Emergency Motion for Compassionate Release Under 18 U.S.C. § 3582(c)(1)(A)(i)/Appointment of CJA Counsel Under 3006(A) in the Interest of Justice." (Id., Document No. 39.) Specifically, Petitioner requested compassionate release based upon his alleged increased risks from COVID-19 due to his existing medical condition. (Id.) By Order entered on June 30, 2021, the District Court denied Petitioner's Motion for Compassionate Release. (Id., Document No. 41.) By Order entered on April 4, 2022, the District Court denied Petitioner's Motion for Appointment of Counsel. (Id., Document No. 43.)

On July 19, 2022, Petitioner began serving his three-year term of supervised release. (Id., Document No. 44.) On October 25, 2022, United States Probation Officer ("USPO") Kylee M. Boring filed a "Petition for Warrant or Summons for Offender Under Supervision" alleging that Petitioner had violated certain conditions of his supervised release. (Id.) The District Court granted the Petition and issued a warrant for Movant's arrest. (Id., Document Nos. 44 and 45.) Petitioner was arrested on November 9, 2022. (Id., Document No. 53.) An Initial Appearance was conducted on November 10, 2022, Petitioner was appointed counsel, and Petitioner signed a Waiver of Right to a Detention Hearing and Waiver of Right to a Preliminary Hearing. (Id., Document Nos. 48 - 51.) On December 9, 2022, Petitioner, by counsel, filed a Motion to Hold Revocation Hearing in Abeyance pending Petitioner's participation in a residential treatment program. (Id., Document

---

a felon when he pled guilty. *Id.* at 2097-98.

No. 55.) The United States filed its Response in Opposition on December 9, 2022. (Id., Document No. 56.) By Order entered on December 15, 2022, the District Court denied without prejudice Petitioner's Motion to Hold Revocation Hearing in Abeyance. (Id., Document No. 57.) On December 19, 2022, the District Court conducted a Revocation Hearing. (Id., Document Nos. 58 and 59.) Based upon information contained in the Petition, evidence presented at the Revocation Hearing, Movant's own admission, and representations and arguments of counsel, the District Court found by a preponderance of the evidence that Movant violated certain conditions of his supervised release. (Id., Document No. 59.) The District Court, therefore, revoked Movant's term of supervised release and imposed a 10-month term of incarceration to be followed by a 26-month term of supervised release. (Id.)

**B.      Instant Section 2241 Petition:**

On May 14, 2020, Petitioner, acting *pro se*, filed his instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 and Memorandum in Support.[2] (Civil Action No. 5:20-00341, Document Nos. 1 and 2.) In his Petition, Petitioner challenges the validity of his conviction under 18 U.S.C. §§ 922(g) and 924(A)(2) based upon Rehaif v. United States, 139 S.Ct. 2191 (2019). (Id.) Petitioner explains that in Rehaif, the Supreme Court held that the government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm. (Id.) Petitioner argues that his conviction "must be vacated because the Grand Jury did not charge, the Government did not prove, and the District Court did not find that [Petitioner] knew he belonged to the relevant category of persons

---

[2]  Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

barred from possessing a firearm." (Id.) Petitioner further claims that he "never admitted to the required knowledge and the Government never proved that the [Petitioner] was aware of his status." (Id.) Therefore, Petitioner concludes that he is actually innocent of his conviction. (Id.)

## ANALYSIS

In considering an inmate's application for *habeas* relief under 28 U.S.C. § 2241, the Court must consider whether the inmate is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); Rose v. Hodges, 423 U.S. 19, 21, 96 S.Ct. 175, 177, 46 L.Ed.2d 162 (1975). The Court notes that Section 2241 is merely a general grant of *habeas corpus* authority. See Medberry v. Crosby, 351 F.3d 1049, 1062 (11th Cir. 2003). More specific grants of *habeas corpus* authority are found in 28 U.S.C. § 2254 (state prisoners) and 28 U.S.C. § 2255 (federal prisoners). See Thomas v. Crosby, 371 F.3d 782, 785 (11th Cir. 2004). Section 2255 is the exclusive remedy for testing the validity of federal judgments and sentences unless there is a showing that the remedy is inadequate or ineffective. In Re Jones, 226 F.3d 328, 333 (4th Cir. 2000). The remedy under Section 2241 is not an additional, alternative or supplemental remedy to that prescribed under Section 2255. Rather, Section 2241 applies to circumstances factually quite different from those properly considered under Section 2255. While the validity of Petitioner's conviction and/or sentence is in issue under Section 2255, matters pertaining to Petitioner's "commitment or detention" are properly the subject under 28 U.S.C. § 2241. See 28 U.S.C. § 2242. Thus, in addition to those very narrow circumstances under which Section 2255 is "inadequate and ineffective," issues arising out of the allegedly unlawful or incorrect computation of Petitioner's sentence and resulting in an unconstitutional restraint upon his liberty are properly considered under 28 U.S.C. § 2241. Allegations that a federal conviction or sentence is invalid are therefore appropriately considered under Section 2255, and allegations respecting the execution of a federal

sentence are properly considered under Section 2241. "A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000).

In view of the nature of the claims, the undersigned finds Petitioner's claims are ones properly considered under Section 2255, not Section 2241. Essentially, Petitioner challenges the validity of his conviction as imposed by this Court. Specifically, Petitioner alleges that his Section 922(g) conviction is invalid based upon Rehaif. In Rehaif, the United States Supreme Court considered whether under 18 U.S.C. § 922(g), the government must prove that an individual knew both that he engaged in the prohibited conduct of possessing a firearm and had obtained the relevant status which made his possession of the firearm illegal. United States v. Rehaif, ___ U.S. ___, 139 S.Ct. 2191, 2194, 204 L.Ed.2d 594 (2019). Petitioner is clearly challenging the validity of his conviction, not the manner in which his sentence is being executed. Accordingly, the undersigned will briefly consider Petitioner's claims under Section 2255 for the sole purpose of determining whether the instant Section 2241 Application should be (1) dismissed, or (2) construed as a Section 2255 Motion and a new action opened. See Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000).

It is quite clear from the language in the first paragraph of 28 U.S.C. § 2255 that Motions thereunder must be filed in the sentencing Court. The first paragraph of 28 U.S.C. § 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, *may move the court which imposed the sentence to vacate, set aside or correct the sentence.*

(Emphasis added.) Viewing Petitioner's Petition as a Section 2255 Motion, it is clear that this Court would have jurisdiction to consider it. Thus, Petitioner's instant Petition should be construed as a Section 2255 Motion and a new action opened because Petitioner has not yet proceeded under Section 2255 in this Court. Based upon Rehaif and Waters, Petitioner's Section 2255 Motion would be considered timely based upon the construing of Petitioner's instant Section 2241 Petition as a Section 2255 Motion and the opening of a new action *nunc pro tunc* to May 14, 2020. See United States v. Waters, ___ F.4th ___, 2023 WL 2699506, * 3 (4th Cir. March 30, 2023)(*Rehaif* applies retroactively to cases on initial collateral review.) The Supreme Court decided Rehaif on June 21, 2019, and Petitioner filed his instant Petition less than one year later (May 14, 2020).[3]

To the extent Petitioner is claiming that Section 2255 is inadequate or ineffective, the undersigned will consider his claim under Section 2241. Although a Section 2255 Motion is the proper vehicle for challenging a federal conviction or sentence, Section 2241 may be used by a federal prisoner to challenge the legality of his conviction or sentence if he can satisfy the mandates

---

[3] In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 [AEDPA], which established a one-year period of limitation governing the filing of motions for collateral relief under 28 U.S.C. § 2255. The one-year period runs from the latest of one of four specified events:
    (1)    the date on which the judgment of conviction becomes final;
    (2)    the date on which the impediment to making the motion created by government action in violation of the Constitution or laws of the United States is removed, if movant was prevented from making a motion by such government action;
    (3)    the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (4)    the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of reasonable diligence.
28 U.S.C. § 2255(f).

of the Section 2255 "savings clause." Section 2255 contains a "savings clause" that allows an individual to file a petition challenging his conviction or sentence in a venue other than the sentencing court if the Petitioner can establish that his remedy under Section 2255 is "inadequate or ineffective." In re Jones, 226 F.3d at 333("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). The Petitioner bears the burden of showing the inadequacy or ineffectiveness of a Section 2255 Application. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979). The fact that relief under Section 2255 is barred procedurally or by the gatekeeping requirements of Section 2255 does not render the remedy of Section 2255 inadequate or ineffective. In re Jones, 226 F.3d at 332; Young v. Conley, 128 F.Supp.2d 354, 357 (S.D.W.Va.)(Chief Judge Haden), aff'd, 291 F.3d 257 (4th Cir. 2001), cert. denied, 537 U.S. 938, 123 S.Ct. 46, 154 L.Ed.2d 242 (2002). The Fourth Circuit has stated that "§ 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law." In re Jones, 226 F.3d at 333-34. In a panel opinion, the Fourth Circuit extended the application of the savings clause to sentencing challenges. United States v. Wheeler, 886 F.3d 415 (4th Cir. March 28, 2018). For purposes of sentencing challenges, the Wheeler Court established a new savings clause test stating that Section 2255 is inadequate and ineffective to test the legality of a sentence when: "(1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the

8

prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motion; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect."[4] Id. at 429. The Wheeler Court, however, clarified that "there is no doubt that *Jones* is still good law in this circuit." Id. at 427. In evaluating Petitioner's Section 2241 Petition, this Court applies Fourth Circuit procedural law and substantive law.[5] Hahn v. Moseley, 931 F.3d 295, 301 (4th Cir. 2019)("In evaluating substantive claims under the savings clause, we look to the substantive law of the circuit where a defendant was convicted."); Bender v. Carter, 2013 WL 5636745, * 2 (N.D.W.Va. Oct. 15, 2013)(the substantive law of the court of conviction

---

[4] In *Wheeler*, the United States filed a petition for rehearing en banc and the Fourth Circuit stayed the mandate pending a ruling on that motion. By Order entered on June 11, 2018, the Fourth Circuit denied the petition for rehearing en banc. *United States v. Wheeler*, 734 Fed.Appx. 892 (4th Cir. 2018); *United States v. Wheeler*, No. 16-6073, Document No. 60. In denying the petition, Circuit Judge Agee explained as follows:
> The issues in this case are of significant national importance and are best considered by the Supreme Court at the earliest possible date in order to resolve an existing circuit split that the panel decision broadens even farther. Because of the potential that the case may become moot if Wheeler is released from incarceration in October 2019, as projected, I have not requested a poll of the Court upon the petition for rehearing en banc in order to expedite the path for the Government to petition for certiorari to the Supreme Court.

*Id.* The United States filed a Motion to Stay Mandate on June 13, 2018, Wheeler filed his Response in Opposition on June 14, 2018 and the United States filed its Reply on June 18, 2018. *Id.*, Document Nos. 61, 63 and 65. By Order entered on June 18, 2018, the Fourth Circuit denied the United States' Motion to Stay Mandate. *Id.*, Document No. 66. The Fourth Circuit issued its Mandate on June 26, 2018. *Id.*, Document No. 67. A petition for writ of certiorari was filed on October 3, 2018. *United States v. Wheeler*, Case No. 18-00420. The United States Supreme Court denied the petition for writ of certiorari on March 18, 2019. *United States v. Wheeler*, 139 S.Ct. 1318 (2019).

[5] Petitioner was convicted in the Fourth Circuit, therefore, the substantive law of the Fourth Circuit controls.

should apply to a Section 2241 Petition, but procedural law of the reviewing court should govern its application), aff'd, 564 Fed.Appx. 694 (4th Cir. 2014).

Based upon the foregoing, the undersigned concludes Petitioner has not demonstrated and cannot demonstrate that Section 2255 was inadequate or ineffective such that he could resort to Section 2241. In support of his Section 2241 Petition, Petitioner argues that his Section 922(g) conviction should be overturned in light of Rehaif. Petitioner, however, cannot satisfy the second prong of the Jones test. See Mejia v. Maruka, 2023 WL 2667741, * 3 (S.D.W.Va. March 28, 2023)(J. Faber)(finding that the petitioner challenging his conviction based upon Rehaif "needs to satisfy the Jones test, not Wheeler.") Specifically, Petitioner does not allege any substantive change in settled law occurring after the time period for filing a timely Section 2255 Motion that decriminalized the conduct of his conviction. The undersigned notes that Petitioner could have pursued this Rehaif claim in a timely Section 2255 Motion. The Supreme Court decided Rehaif on June 21, 2019. Thus, Petitioner had until June 21, 2020 to file a timely Section 2255 Motion pursuant to Section 2255(f)(3). See Abdullah v. Hedrick, 392 F.3d 957, 963 (8th Cir. 2004)(finding that a federal prisoner is prohibited from seeking *habeas* relief where the prisoner had "an unobstructed procedural opportunity to present his claim" through Section 2255); also see Pollock v. Kallis, 2021 WL 799460, * 3 (D.Minn. Jan. 13, 2021)(finding that Section 2255 was not inadequate or ineffective where petitioner had an earlier "unobstructed procedural shot" at asserting his Rehaif claim). Therefore, Petitioner does not allege any substantive change in settled law occurring after the time period for filing a timely Section 2255 Motion that decriminalized the conduct of his conviction.

Based on the foregoing, the undersigned proposes that the District Court **FIND** the following: (1) Petitioner has failed to sustain his burden of showing the inadequacy or

ineffectiveness of a Section 2255 Motion and his Section 2241 Petition is inappropriate and should be dismissed; and (2) Petitioner must seek relief from the sentencing court pursuant to Section 2255. The undersigned further proposes that the District Court **CONSTRUE** Petitioner's Section 2241 Petition as a Section 2255 Motion and open a new action in this Court directing the Clerk to file the Section 2255 Motion *nunc pro tunc* to May 14, 2020.

### NOTICE TO PETITIONER[6]

Petitioner is hereby **NOTIFIED** that pursuant to the Antiterrorism and Effective Death Penalty Act [AEDPA] Amendments to 28 U.S.C. § 2255, motions for *habeas* relief filed under Section 2255 must be filed within one year from "the date on which the judgment of conviction becomes final." The one-year limitation period begins to run from the latest of the following dates:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

**(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;** or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(emphasis added). Petitioner is further **NOTIFIED** that the one-year statute of

---

[6] *Castro v. United States*, 540 U.S. 375, 124 S.Ct. 786, 157 L.Ed.2d 778 (2003)(when a court proposes to construe a *pro se* litigant's post-conviction motion as the movant's first Section 2255 Motion, the Court is required to notify the movant of the restrictions and limitations under Section 2255, thereby giving the movant an opportunity to contest the recharacterization, or to withdraw or amend the motion); *also see United States v. Emmanuel*, 288 F.3d 644, 649 (4th Cir. 2002)(holding "that if a prisoner files a motion that is not denominated a § 2255 motion and the court at its option prefers to convert it into the movant's first § 2255 motion, the court shall first advise the movant that it intends to so re-characterize the motion").

limitations period under 28 U.S.C. § 2255(f)(3) for filing a claim relying on the Supreme Court's decision in Rehaif expired on **June 21, 2020**.

Petitioner is further hereby **NOTIFIED** that Section 2255 also limits a Petitioner's ability to file a second or successive Section 2255 motion. Petitioner is advised that if he chooses to later file a second or successive Section 2255 Motion, he must obtain certification from the appropriate Circuit Court of Appeals pursuant to 28 U.S.C. § 2244(b)(3).[7] See In re Goddard, 170 F.3d 435, 436 (4th Cir. 1999)("before a prisoner can pursue a qualifying 'second or successive' § 2255 motion, he must obtain authorization from the court of appeals."); 28 U.S.C. § 2244(b)(3)(A).[8] To obtain certification from the Court of Appeals, Petitioner must demonstrate that the Motion

---

[7] Title 28, Section 2244(b)(3)(A) of the United States Code states that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

[8] Title 28, Section 2244(b)(3) provides as follows:

> (A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
>
> (B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
>
> (C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
>
> (D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.
>
> (E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255.

Accordingly, Petitioner should inform the Court in writing within the period for filing Objections to this Proposed Findings and Recommendation, if he does not wish to have his Section 2241 Petition re-characterized as a Motion under Section 2255. Should Petitioner not file Objections to this Proposed Findings and Recommendation, the Court will consider his Section 2241 Petition as a Motion filed under Section 2255 and open a new action in this Court directing the Clerk to file the Section 2255 Motion *nunc pro tunc* to May 14, 2020. If Petitioner agrees that his Section 2241 Petition shall be considered under Section 2255, Petitioner may further amend his Section 2255 Motion to the extent permitted by law. See United States v. Pittman, 209 F.3d 314 (4th Cir. 2000)(holding that amendments to a § 2255 motion made after the expiration of the one-year statute of limitations do not relate back to the original motion and are therefore untimely). To the extent Petitioner is seeking relief under Section 2241 or disagrees with the re-characterized of his Section 2241 Petition as a Section 2255 Motion, the undersigned recommends that his Section 2241 Petition be dismissed.

## **PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **CONSTRUE** Petitioner's Section 2241 Petition (Document No. 1) as a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, **DIRECT** the Clerk to

13

open a new action in this Court filing the Section 2255 Motion *nunc pro tunc* to May 14, 2020, and **REMOVE** this matter from the Court's docket.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Frank W. Volk. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Volk, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

Date: April 18, 2023.



Omar J. Aboulhosn
United States Magistrate Judge