IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | |
|---|---|
| JEFFREY PHELIX, | ) |
| | ) |
|     Movant, | ) |
| | ) |
| v. | )    CIVIL ACTION NO. 5:20-00341 |
| | )    (Criminal No. 2:17-00004) |
| UNITED STATES OF AMERICA,[1] | ) |
| | ) |
|     Respondent. | ) |

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the Court is Movant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody and Memorandum in Support.[2] (Civil Action No. 5:20-00341, Document Nos. 1 and 2; Criminal Action No. 2:17-0004, Document Nos. 62 and 63.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Civil Action No. 5:20-00341, Document No. 4.)

**FACTUAL AND PROCEDURAL BACKGROUND**

A.    **Criminal Action No. 2:17-cr-00004:**

On April 10, 2017, Movant pled guilty in this District to one count of Being a Felon in Possession of a Firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Criminal Action

---

[1] Since this is now a Section 2255 proceeding, the appropriate Respondent is the United States of America. Accordingly, the Clerk is **DIRECTED** to modify the Docket Sheet to reflect that the United States of America as the proper Respondent herein, both in the style of the case and the short style at the top of the Docket Sheet and **TERMINATE** the "Warden, FCI Beckley."

[2] Because Movant is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

No. 2:17-00004, Document Nos. 15 - 17.) On June 28, 2017, the District Court sentenced Movant to a 60 month term of imprisonment, to be followed by a three-year term of supervised release. (Id., Document Nos. 31 and 32.) The District Court further imposed a $100 special assessment. (Id.)

On January 22, 2019, Movant, acting *pro se*, filed a Motion to Correct Sentence for the Credit of the Time Served on Federal Detainer. (Id., Document No. 33.) By Order entered on March 14, 2019, the District Court denied Movant's foregoing Motion. (Id., Document No. 43.) On June 14, 2021, Movant, acting *pro se*, filed an "Emergency Motion for Compassionate Release Under 18 U.S.C. § 3582(c)(1)(A)(i)/Appointment of CJA Counsel Under 3006(A) in the Interest of Justice." (Id., Document No. 39.) Specifically, Movant requested compassionate release based upon his alleged increased risks from COVID-19 due to his existing medical condition. (Id.) By Order entered on June 30, 2021, the District Court denied Movant's Motion for Compassionate Release. (Id., Document No. 41.) By Order entered on April 4, 2022, the District Court denied Movant's Motion for Appointment of Counsel. (Id., Document No. 43.)

On July 19, 2022, Movant began serving his three-year term of supervised release. (Id., Document No. 44.) On October 25, 2022, United States Probation Officer ("USPO") Kylee M. Boring filed a "Petition for Warrant or Summons for Offender Under Supervision" alleging that Movant had violated certain conditions of his supervised release. (Id.) The District Court granted the Petition and issued a warrant for Movant's arrest. (Id., Document Nos. 44 and 45.) Movant was arrested on November 9, 2022. (Id., Document No. 53.) An Initial Appearance was conducted on November 10, 2022, Movant was appointed counsel, and Movant signed a Waiver of Right to a Detention Hearing and Waiver of Right to a Preliminary Hearing. (Id., Document Nos. 48 - 51.)

On December 9, 2022, Movant, by counsel, filed a Motion to Hold Revocation Hearing in Abeyance pending Movant's participation in a residential treatment program. (Id., Document No. 55.) The United States filed its Response in Opposition on December 9, 2022. (Id., Document No. 56.) By Order entered on December 15, 2022, the District Court denied without prejudice Movant's Motion to Hold Revocation Hearing in Abeyance. (Id., Document No. 57.) On December 19, 2022, the District Court conducted a Revocation Hearing. (Id., Document Nos. 58 and 59.) Based upon information contained in the Petition, evidence presented at the Revocation Hearing, Movant's own admission, and representations and arguments of counsel, the District Court found by a preponderance of the evidence that Movant violated certain conditions of his supervised release. (Id., Document No. 59.) The District Court, therefore, revoked Movant's term of supervised release and imposed a 10-month term of incarceration to be followed by a 26-month term of supervised release. (Id.)

**B.     Instant Section 2241 Petition:**

On May 14, 2020, Movant, acting *pro se*, initiated the above action by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 and Memorandum in Support. (Civil Action No. 5:20-00341, Document Nos. 1 and 2; Criminal Action No. 2:17-0004, Document Nos. 62 and 63.) In his Motion, Movant challenges the validity of his conviction under 18 U.S.C. §§ 922(g) and 924(A)(2) based upon Rehaif v. United States, 139 S.Ct. 2191 (2019). (Id.) Movant explains that in Rehaif, the Supreme Court held that the government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm. (Id.) Movant argues that his conviction "must be vacated because the Grand Jury did not charge, the Government did not prove, and the District Court did not find

3

that [Movant] knew he belonged to the relevant category of persons barred from possessing a firearm." (Id.) Movant further claims that he "never admitted to the required knowledge and the Government never proved that the [Movant] was aware of his status." (Id.) Therefore, Movant concludes that he is actually innocent of his conviction. (Id.)

By Proposed Findings and Recommendation ("PF&R") filed on April 18, 2023, the undersigned recommended that the District Court "**CONSTRUE** Petitioner's Section 2241 Petition (Document No. 1) as a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, **DIRECT** the Clerk to open a new action in this Court filing the Section 2255 Motion *nunc pro tunc* to May 14, 2020, and **REMOVE** this matter from the Court's docket." (Civil Action No. 5:20-00341, Document No. 6.) By Order entered on May 19, 2023, United States District Judge Frank W. Volk adopted the undersigned's PF&R in part and construed Petitioner's Petition as a Section 2255 Motion and referred the matter back to the undersigned for further proceedings. (Id., Document No. 7.)

## DISCUSSION

1. **Timeliness:**

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 [AEDPA], which established a one-year period of limitation governing the filing of motions for collateral relief under 28 U.S.C. § 2255. The one-year period runs from the latest of one of four specified events:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making the motion created by government action in violation of the Constitution or laws of the United States is removed, if movant was prevented from making a motion by such government action;

4

    (3)    the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (4)    the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of reasonable diligence.

28 U.S.C. § 2255(f).

The Court will first consider the timeliness of Movant's Motion under Section 2255(f)(1). Movant's Judgment Order was entered on July 3, 2017, and his sentence became final 14 days later when he did not file a Notice of Appeal (July 17, 2017). On May 19, 2023, approximately four years and ten months after the one-year period expired, Movant filed the instant Motion raising issues challenging his conviction and sentence in Criminal Action No. 2:17-00004. (Civil Action No. 5:20-00341, Document Nos. 1 and 2; Criminal Action No. 2:17-0004, Document Nos. 62 and 63.) Movant's Motion is clearly untimely under Section 2255(f)(1). Therefore, Movant's Motion is untimely unless one of Section 2255(f)'s other subsections apply. Liberally construing Movant's Motion, Movant appears to argue that Section 2255(f)(3) applies because he is entitled to relief based on a new rule of constitutional law, previously unavailable, made retroactive. Movant appears to rely upon Rehaif. On March 30, 2023, the Fourth Circuit clarified that Rehaif applies retroactively to cases on initial collateral review. See United States v. Waters, ___ F.4th ___, 2023 WL 2699506, * 3 (4th Cir. March 30, 2023). The Supreme Court decided Rehaif on June 21, 2019, and Movant filed his instant Section 2255 Motion less than one year later (May 14, 2020). Based upon Rehaif and Waters, the undersigned finds that Movant's Section 2255 Motion is timely.

**2.**    **Rehaif Challenge:**

5

The relevant portion of Section 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

A motion made pursuant to Section 2255 is a collateral attack on a conviction or sentence. To succeed on a Section 2255 motion, the movant must prove that "his sentence or conviction was imposed in violation of the Constitution or law of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence otherwise is subject to collateral attack." 28 U.S.C. § 2255. "A motion collaterally attacking a petitioner's sentence brought pursuant to § 2255 requires the petitioner to establish his grounds by a preponderance of the evidence." Sutton v. United States, 2006 WL 36859, * 2 (E.D.Va. Jan. 4, 2006).

As grounds for *habeas* relief, Movant challenges the validity of his conviction under 18 U.S.C. 922(g) based upon Rehaif v. United States, ___ U.S. ___, 139 S.Ct. 2191, 204 L.Ed.2d 594 (2019). (Civil Action No. 5:20-00341, Document Nos. 1 and 2; Criminal Action No. 2:17-0004, Document Nos. 62 and 63.) Movant explains that in Rehaif, the Supreme Court held that the government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm. (Id.) Movant argues that his conviction "must be vacated because the Grand Jury did not charge, the Government did not prove, and the District Court did not find that [Movant] knew he belonged to the relevant category of persons barred from possessing a firearm." (Id.) Movant further claims that he "never admitted to the required knowledge and the Government never proved that the [Movant] was aware

6

of his status." (Id.) Therefore, Movant concludes that he is actually innocent of his conviction. (Id.)

It is undisputed that Movant did not file a direct appeal asserting his Rehaif claim. The filing of a Section 2255 motion does not supplant or obviate the need to file a direct appeal. Sunal v. Large, 332 U.S. 174, 67 S.Ct. 1588, 91 L.Ed. 1982 (1947). The United States Supreme Court explains that "a final judgment commands respect. For this reason, we have long and consistently affirmed that a collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165, 102 S.Ct. 1584, 1593, 71 L.Ed.2d 816 (1982). A non-constitutional claim that could have been, but was not, raised on direct appeal may not be raised for the first time in a Section 2255 motion. Stone v. Powell, 428 U.S. 465, 478 n. 10 (1976). A constitutional claim that could have been, but was not, raised on direct appeal may not be raised for the first time in a Section 2255 motion unless the movant can show either (1) "cause and actual prejudice resulting from the errors of which he complains," or (2) "he must demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack." United States v. Mikalajunas, 186 F.3d 490, 492-93 (4th Cir. 1999). "The existence of cause for a procedural default must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel." Id. at 493. Actual prejudice is shown by demonstrating that the error worked to movant's "actual and substantial disadvantage," rather than just creating a possibility of prejudice. See Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997)(quoting Murray v. Carrier, 477 U.S. 478, 494, 106 S.Ct. 2639, 2648, 91 L.Ed.2d 397 (1986)). "In order to demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack, a movant must show actual innocence by clear and convincing evidence. Mikalajunas, 186 F.3d at

493. "Typically, to establish actual innocence, a petitioner must demonstrate actual factual innocence of the offense of conviction, i.e., that petitioner did not commit the crime of which he was convicted; this standard is not satisfied by a showing that a petitioner is legally, but not factually, innocent. Id. at 494. The movant must show that "it is more likely than not that no reasonable juror would have convicted him." Schlup v. Delo, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995).

First, the undersigned will consider whether Movant can demonstrate "cause and prejudice" to overcome his procedural default of the Rehaif claim. Movant indicates he can satisfy the cause prong because a Rehaif-type claim was a novel argument that was unavailable at the time of his direct appeal. This issue, however, has been thoroughly considered and rejected in this District. Specifically, the Honorable United States District Judge John T. Copenhaver, Jr. thoroughly considered and rejected the argument that the novelty of a Rehaif-type claim could constitute cause for the procedurally defaulted claim. Slocum v. United States, 2021 WL 3706681, * 8 - 9 (S.D.W.Va. Aug. 20, 2021)(J. Copenhaver). Specifically, District Judge Copenhaver stated that "[t]he Rehaif knowledge of status argument was not novel at the time of Movant's trial or direct appeal [in 2015], and no futility argument grounded in prior Fourth Circuit precedent will serve to establish cause under Bousley." Id.; also see Bousley v. United States, 523 U.S. 614, 623, 118 S.Ct. 1604, 1611, 140 L.Ed.2d 828 (1998)("[F]utility cannot constitute cause if it means simply that a claim was 'unacceptable to that particular court at that particular time.").

Due to Movant's *pro se* status, the undersigned construes Movant's Motion as arguing that counsel's ineffectiveness in failing to file an appeal asserting the Rehaif-type challenge demonstrates cause. A movant may establish cause by showing that defense counsel performed

8

deficiently by failing to raise a particular claim. See Murray v. Carrier, 477 U.S. 478, 488, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986). The record, however, reveals that Rehaif was decided on June 21, 2019, which was more than two years and two months after Movant pled guilty (April 10, 2017) and approximately two years after his sentencing (June 28, 2017). The controlling law in the Fourth Circuit at the time of Movant conviction and sentencing was that the United States did not have to prove that Movant was aware of his status as a convicted felon at the time he unlawfully possessed the firearm. The Rehaif decision came out of Florida, with the Eleventh Circuit having sustained the district court's position on the scope of knowledge as an element under 18 U.S.C. § 924(a)(which was the same rule applied by the Fourth Circuit). Furthermore, it is well established that "an attorney's failure to anticipate a new rule of law [is] not constitutionally deficient." United States v. McNamara, 74 F.3d 514, 516 (4th Cir. 1996). Thus, counsel's alleged ineffectiveness does not demonstrate cause for Movant's procedural default. Accordingly, the undersigned finds that Movant has failed to demonstrate cause to excuse his procedural default.

Next, the undersigned will consider whether Movant can satisfy the prejudice prong based upon Rehaif. Movant appears to contend that he was prejudiced because he was not aware that the United States was required to prove he was aware of his status as a felon as an element of the Section 922(g) offense. Movant further complains that the United States did not prove this element. In Rehaif, the Supreme Court held that the government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm. In Gary, the Fourth Circuit determined "that it is plain error to accept a guilty plea based on a pre-*Rehaif* understanding of the elements of a § 922(g)(1) offense." United States v. Gary, 954 F.3d 194 (4th Cir. 2020). In Gary, the defendant pled guilty to possession of a

9

firearm and ammunition by a person convicted of a felony. Id. Gary appealed his conviction to the Fourth Circuit. Id. While Gary's appeal was pending, Rehaif was decided by the United States Supreme Court and Gary filed a letter pursuant to Rule 28(j) asserting that the recent decision in Rehaif was relevant to his appeal. Id. at 199. In considering Gary's appeal, the Fourth Circuit acknowledged that in Lockhart, the Fourth Circuit determined that the failure to properly advise Lockhart of his sentencing exposure under the Armed Career Criminal Act and the Rehaif error "in the aggregate" were sufficient to establish prejudice for purposes of plain error review. Id. at 199-200. Thus, the Fourth Circuit considered and determined that a standalone Rehaif error satisfies plain error review because such an error was structural, which per se affects a defendant's substantial rights. Id. at 200-08. Reviewing Gary's plea challenge for plain error, the Fourth Circuit determined "that it is plain error to accept a guilty plea based on a pre-*Rehaif* understanding of the elements of a § 922(g)(1) offense." Id. at 202. Therefore, the Fourth Circuit vacated Gary's plea and conviction and remanded the case to the district court. Id. at 208. On January 8, 2021, the United States Supreme Court granted certiorari. United States v. Gary, ___ U.S. ___, 141 S.Ct. 974, 208 L.Ed.2d 510 (2021). On June 14, 2021, the Supreme Court reversed the Fourth Circuit's above judgment. Greer, et al. v. United States, ___ U.S. ___, 141 S.Ct. 2090, 210 L.Ed.2d 121 (2021). Specifically, the Supreme Court determined that Gary could not establish that the Rehaif error affected his "substantial rights" pursuant to Rule 52(b). Id. at 2096-97. The Supreme Court explained as follows:

> In a felon-in-possession case where the defendant was in fact a felon when he possessed firearms, the defendant faces an uphill climb in trying to satisfy the substantial-rights prong of the plain-error test based on an argument that he did not know he was a felon. The reason is simple: If a person is a felon, he ordinarily knows he is a felon. "Felony status is simply not the kind of thing that one forgets." 963 F.3d 420, 423 (CA4 2020)(Wilkinson, J., concurring in denial of reh'g en

> banc). That simple truth is not lost upon juries. Thus, absent a reason to conclude otherwise, a jury will usually find that a defendant *knew* he was a felon based on the fact that he was a felon. A defendant considering whether to plead guilty would recognize as much and would likely factor that reality into the decisions to plead guilty. In short, if a defendant was in fact a felon, it will be difficult for him to carry the burden on plain-error review of showing a "reasonable probability" that, but for the *Rehaif* error, the outcome of the district court proceedings would have been different.

Id. at 2097. The Supreme Court concluded that Gary failed to carry his burden of showing that the Rehaif error affected his substantial rights because Gary had been convicted of multiple felonies, he never disputed the fact of his prior convictions, and he admitted that he was a felon when he pled guilty. Id. at 2097-98.

As District Judge Copenhaver stated in Slocum, the Supreme Court's decision in Greer is instructive on the prejudice issue. Slocum, 2021 WL 3706681, at * 9. Although Greer involved the application of the plain error review, "it is well-established that the cause and prejudice standard for overcoming procedural defaults presents movants with a great burden than plain-error review." Id. at * 10(citing United States v. Frady, 456 U.S. 152, 166-68, 102 S.Ct. 1584, 1593-95, 71 L.Ed.2d 816 (1982)). Additionally, several other district courts within the Fourth Circuit have applied Greer when considering whether a Section 2255 movant could meet the prejudice prong for excusing procedural default. See United States v. Campbell, 2021 WL 3375721 (W.D.Va. Aug. 3, 2021); United States v. Sumter, 2021 WL 3173176 (D.S.C. July 27, 2021); United States v. Crawley, 2021 WL 2910724 (W.D.Va. July 12, 2021). Applying Greer, the undersigned finds that Movant cannot demonstrate that the Rehaif error resulted in prejudice. The Indictment charged, in pertinent part, as follows:

> 1. On or about October 25, 2016, at or near Charleston, Kanawha County, West Virginia, and within the Southern District of West Virginia, defendant

> JEFFREY PHELIX did knowingly possess in an affecting interstate commerce the following firearms:
>
> * * *
>
> 2. At the time defendant JEFFREY PHELIX possessed the aforesaid firearms, he had been convicted of the following crimes, each of which was punishable by a term of imprisonment exceeding one year, as defined in 18 U.S.C. § 921(a)(20):
>
>> a. Convicted on or about November 11, 2011, in the Circuit Court of Kanawha County, West Virginia, of the felony offense of Burglary by Breaking and Entering in violation of West Virginia Code § 61-3-11(a); and
>>
>> b. Convicted on or about March 12, 2012, in the Circuit Court of Kanawha County, West Virginia, of the felony offense of Conspiracy in violation of West Virginia Code § 61-10-31
>
> In violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

(Criminal Action No. 2:17-00004, Document No. 5.) Although Movant has alleged that he did not possess a firearm knowing that he was a prohibited person, Movant's Plea Agreement includes a Stipulation of Facts to the contrary. (Id., Document No. 16.) In the Stipulation of Facts, Movant admitted to possessing a firearm after being convicted of a prior felony conviction. (Id., pp. 7 – 8.) Specifically, Movant stipulated and agreed to the following facts:

> * * *
>
> On October 25, 2016, defendant and another individual (hereinafter "EW") broke into a garage attached to a residence in Charleston, Kanawha County, West Virginia. The owner of the residence was a federally licensed firearms dealer. Defendant and EW stole seven rifles from the garage which are described as follows: . . ..
>
> Defendant's fingerprint was recovered from the window of the garage. On November 10, 2016, defendant gave a Mirandized statement admitting his involvement in stealing the firearms described above. Based upon information provided by defendant during the statement, officers were able to recover three of the rifles defendant and EW stole, including the rifle fitted with the suppressor described above.
>
> Each of the rifles and the suppressor described above travelled in or affected interest commerce because they were manufactured outside the State of West

12

> Virginia.
> On November 11, 2011, in the Circuit Court of Kanawha County, West Virginia, defendant was convicted of the felony offense of Burglary by Breaking and Entering. On November 12, 2012, in the Circuit Court of Kanawha County, West Virginia, defendant was convicted of the felony offense of Conspiracy. ***Defendant's rights to possess a firearm have not been restored since these felony convictions.***
>
> * * *

(Id.)(emphasis added). During the Plea Hearing, Movant affirmed that he signed the above "Stipulation of Facts." The Fourth Circuit has recognized that "[i]n the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements. See Fields v. Attorney General of Maryland, 956 F.2d 1290, 1299 (4th Cir. 1992)("Absent clear and convincing evidence to the contrary, a defendant is bound by the representations he makes under oath during a plea colloquy."), cert. denied, 506 U.S. 885, 113 S.Ct. 243, 121 L.Ed.2d. 176 (1992); DeFusco, 949 F.2d at 119(A defendant's statements at the plea hearing are strong evidence of the voluntariness of the plea agreement), cert. denied, 503 U.S. 997, 112 S.Ct. 1703, 118 L.Ed.2d. 412 (1992). Accordingly, the undersigned finds that the record clearly indicates that Movant knew of his felon status at the time he possessed the firearm described in the Indictment. Thus, Movant has not demonstrated cause or prejudice to excuse his procedural default.

Finally, the undersigned will consider whether Movant can establish actual innocence to overcome his procedural default. As explained above, "actual innocence means factual innocence, not mere legal insufficiency." Bousley, 523 U.S. at 624, 118 S.Ct. at 1611; also see Mikalajunas, 186 F.3d at 494. Movant must show that "it is more likely than not that no reasonable juror would have convicted him." Schlup, 513 U.S. at 327-28, 115 S.Ct. at 851. The undersigned finds that

Movant has failed to assert any new evidence proving his innocence. Movant merely contends that he is innocent based upon Rehaif. Rehaif would have required the United States to prove Movant knew he was a convicted felon on October 25, 2016 (the date in the Indictment wherein it is asserted that Movant possessed a firearm). As set forth above, Movant's Indictment set forth Movant's prior felony convictions and Movant's Plea Agreement contained Stipulation of Facts where Movant admitted he knew his "rights to possess a firearm [had] not been restored since these felony convictions." (Criminal Action No. 2:17-00004, Document Nos. 5 and 16.) The undersigned finds there is absolutely no indication in the record that Movant is factually innocent of his Section 922(g) conviction. Accordingly, Movant fails to establish actual innocence to overcome his procedural default.

Based upon the foregoing, the undersigned finds that Movant cannot overcome the procedural default of his Rehaif claim because he has failed to demonstrate "cause and prejudice" or actual innocence. The undersigned respectfully recommends that Movant's Section 2255 Movant be denied.

## **PROPOSAL AND RECOMMENDATION**

Accordingly, the undersigned respectfully proposes that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DISMISS** Movant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Civil Action No. 5:20-00341, Document No. 1; Criminal Action No. 2:17-0004, Document No. 62) and **REMOVE** this matter from the Court's docket.

Movant is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Frank W. Volk.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L.Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Volk, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Movant, who is acting *pro se*, and counsel of record.

Date: June 1, 2023.

Omar J. Aboulhosn
United States Magistrate Judge